UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA L. TRUEBLOOD,

        Plaintiff,                        CIVIL ACTION NO. 04-CV-40295-FL

    vs.                                    DISTRICT JUDGE PAUL V. GADOLA

COMMISSIONER OF                MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Defendant's Motion For Summary Judgment be GRANTED, and Plaintiff's Motion for Summary Judgment be DENIED.

## PROCEDURAL HISTORY

This is an action for judicial review of the final decision of the Commissioner of Social Security that the Plaintiff was not entitled to Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. The issue for review is whether there was adequate support for the Commissioner's decision that the Plaintiff was not disabled before March 30, 1996.

Plaintiff Donna Trueblood filed an application for Disability Insurance Benefits (DIB) on March 10, 1997. (Tr. 71). The parties agree that Plaintiff's last insured date was March 30, 1996. The Commissioner initially denied Plaintiff's application on July 23, 1997, and denied it again after reconsideration on September 26, 1997. (Tr. 50-51). Plaintiff appealed the decision and received a hearing before Administrative Law Judge (ALJ) Adrian Sannier on April 16, 1999. (Tr. 353). On April 29, 1999 the ALJ denied Plaintiff's claim for DIB benefits in a written opinion. (Tr. 239-243). On January 19, 2000 the Appeals Council vacated ALJ Sannier's decision and remanded the case

for further consideration. (Tr. 256-258). Plaintiff appeared at a hearing before ALJ William Musseman on July 11, 2001. (Tr. 367). ALJ Musseman denied Plaintiff's claim in a written opinion issued on August 24, 2001. (Tr. 291-301). On April 9, 2002 the Appeals Council vacated ALJ Musseman's opinion and again remanded Plaintiff's case back to an ALJ for further consideration. (Tr. 320-323). Plaintiff received a second hearing before ALJ Musseman on October 9, 2002. (Tr. 397-423). ALJ Musseman again denied Plaintiff's claims in a written opnion issued on January 13, 2003. (Tr. 17). The Appeals Council denied review of the ALJ's decision on August 14, 2004. (Tr. 9-11). ALJ Musseman's October 9, 2002 now stands as the Commissioner's final decision. 20 C.F.R. § 404.981.

## **MEDICAL HISTORY**

Plaintiff was born on February 4, 1944. (Tr. 403). On September 27, 1988 Lionel Glass, M.D. gave Plaintiff a neurological exam. (Tr. 151-52). Dr. Glass noted Plaintiff's history of migraine headaches, but was unable to identify any neurological abnormality. *Id.* An MRI of Plaintiff's brain taken on October 11, 1988 showed possible demyelinating plaques. (Tr. 153). An EEG taken of Plaintiff on November 1, 1988 showed no abnormality. (Tr. 158).

Dr. Glass examined Plaintiff again on November 16, 1988. (Tr. 154). Plaintiff complained to Dr. Glass that she was constantly suffering from severe headaches. *Id.* Plaintiff visited Dr. Glass several times in the following two years and consistently complained of severe headaches. (Tr. 154-155)[1]. EEGs taken of Plaintiff's brain taken on February 1, 1989 and May 8, 1989 revealed no abnormality. (Tr. 158-59).

---

[1] Records of visits on September 16, 1988, January 9, 1989, January 17, 1989, February 1, 1989, May 3, 1989, September 20, 1989, April 10, 1991, and April 29, 1991.

Between November 1993, and February 1998 Plaintiff was examined at Valley Urgent Care in Saginaw, MI at least 30 times by John J. Kemerer, D.O. (Tr. 175-208). Plaintiff repeatedly complained of prolonged severe headaches to Dr. Kemerer during this period. *Id.*

A state agency physician performed a physical residual functional capacity evaluation of Plaintiff on July 7, 1997. (Tr. 166-173). The physician concluded that Plaintiff was able to perform a wide range of work, and could lift up to twenty pounds, but could not repetitively push and pull with her arms. *Id.* On February 3, 1998, Sanjeev Prakash, M.D. diagnosed fibromyalgia and Reynaud's syndrome. (Tr. 217-224). On November 6, 1998 Dr. Kemerer filled out a residual functional capacity questionnaire describing Plaintiff's condition in the period before June 30, 1996. (Tr. 225-229). In his questionnaire responses Dr. Kemerer indicated that he thought Plaintiff could not walk for a distance of one block, and had to lie down for approximately one third of each day to control her muscle and joint pain. (Tr. 228-229).

## **HEARING TESTIMONY**

Plaintiff received a second hearing before ALJ Musseman on October 9, 2002. (Tr. 397-423). The ALJ took testimony from Plaintiff and Plaintiff's husband concerning Plaintiff's daily activites and functional capacity prior to March 30, 1997. *Id.*

## **THE ALJ'S OPINION**

The ALJ denied Plaintiff's claims in an opinion dated May 24, 2004. (Tr. 16-22). The ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work, and relied on medical vocational rule 201.15 to find that Plaintiff was not disabled.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). It is not the function of this court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether substantial evidence supports the Commissioner's decision, the Court must examine the administrative record as a whole. *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even where substantial evidence also supports the opposite conclusion and the reviewing court would decide the matter differently. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## DISCUSSION AND ANALYSIS

The Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff had to show that:

    (1)    she was not presently engaged in substantial gainful employment; and

    (2)    she suffered from a severe impairment; and

    (3)    the impairment met or was medically equal to a "listed impairment;" or

>> (4)    she did not have the residual functional capacity (RFC) to perform his relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(e); 20 C.F.R.. § 416.920(a)-(e). If Plaintiff's impairments prevented her from doing her past work, the Commissioner would, at step five, consider her RFC, age, education and past work experience to determine if he could perform other work. If she cannot, she would be deemed disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id*. (citations omitted).

 Plaintiff argues that the ALJ's RFC determination was flawed for two reasons. First, Plaintiff argues that the ALJ was obliged to conclude Plaintiff could perform less than the full range of sedentary work once he concluded Plaintiff's migraine headaches and fibromyalgia were severe impairments. Plaintiff argues that once the ALJ found that Plaintiff's migraine headaches and fibromyalgia were severe impairments, the ALJ was bound to conclude that Plaintiff had specific functional limitations related to each condition. In particular, Plaintiff argues that the ALJ's finding of migraine headaches required him to conclude that Plaintiff could only perform simple unskilled work in a job that did not require substantial visual acuity, allowed Plaintiff the opportunity to occasionally lie down in a dark room, and could accommodate Plaintiff's vomiting secondary to her headache. Similarly, Plaintiff argues that the ALJ's finding that Plaintiff's fibromyalgia was a

severe impairment required him to conclude that Plaintiff had a variety of mental and postural limitations. A "severe impairment" is any impairment significantly affects a claimant's ability to perform basic work activities, 20 C.F.R. 404.1521(b). An impairment is severe if it restricts a claimant's ability to do some type of work, such as heavy or moderate work, but it does not necessarily restrict that claimant's ability to perform sedentary work. The ALJ's conclusion that Plaintiff suffered two "severe" impairments does not necessarily mean that Plaintiff's impairments must restrict the range of sedentary work that she can perform. The question for review here remains whether the ALJ's decision as to Plaintiff's specific functional limitations was supported by substantial evidence. Plaintiff argues that the ALJ failed to properly weight Dr Kemerer's November 6, 1998 opinion of Plaintiff's functional capacity in the period before March 30, 1996 and failed to follow the framework set forth in 20 C.F.R. § 404.1527(d) to evaluate the disability opinion of a treating source. The ALJ clearly considered the statutory factors in reaching his conclusion, and his decision to discount Dr. Kemerer's opinion was supported by substantial evidence. The ALJ's opinion acknowledged that two of the six 1527(d) factors, specifically Dr. Kemerer's substantial treating and examining relationships with Plaintiff, supported Dr. Kemerer's opinions. However, the ALJ declined to give conclusive weight to Dr. Kemerer's opinions based on his consideration of the other statutory factors. The ALJ correctly noted that Dr. Kemerer's treatment notes from 1996 and before do not support the clinical findings Dr. Kemerer described for the same period in his responses to the 1998 questionnaire. Plaintiff explains this as a mere failure to chart specific details, and argues that Dr. Kemerer later charting was more accurate. While this may be a tenable conclusion from the record, it is not the only conclusion the record will support. It was within the ALJ's discretion to give controlling weight to the notes Dr. Kemerer

made at the time he was treating Plaintiff and to consider other medical records suggest that Plaitniff's fibromyalgia was not as severe in 1996 as Plaintiff claims. Given the state of the record, the ALJ's conclusions concerning Plaintiff's functional capacity in 1996 and before were supported by substantial evidence, and thus the ALJ had adequate support for his finding that Plaintiff was not disabled.

### RECOMMENDATION

Plaintiff's Motion for Summary Judgment should be DENIED, and. Defendant's Motion for Summary Judgment should be GRANTED.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: November 08, 2005                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: November 08, 2005                    s/ Lisa C. Bartlett
                                            Courtroom Deputy