UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA L. TRUEBLOOD,

                                                    CIVIL CASE NO. 04-40295

                        Plaintiff,

v.                                                  HONORABLE PAUL V. GADOLA
                                                   U.S. DISTRICT JUDGE

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

In this civil action, Plaintiff Donna L. Trueblood seeks review of a denial of disability insurance benefits by the Commissioner of Social Security. Before the Court are the parties' cross motions for summary judgment and the Report and Recommendation of the Honorable Mona K. Majzoub, United States Magistrate Judge. The Magistrate Judge recommends that this Court deny Plaintiff's motion for summary judgment and grant Defendant Commissioner's motion for summary judgment. Plaintiff filed objections to the Report and Recommendation. Defendant Commissioner did not file objections or respond to Plaintiff's objections. For the reasons stated below, the Court will overrule Plaintiff's objections and will accept the Report and Recommendation.

**I.    Legal Standard**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party objects to portions of

the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part, that

> [t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

**II.     Analysis**

Plaintiff objects to the Magistrate Judge's analysis of the Administrative Law Judge's ("ALJ") treatment of Plaintiff's two "severe" nonexertional impairments, i.e., fibromyalgia and

migraine headaches. Plaintiff asserts that the ALJ mistakenly thought he was directed by Grid Rule 201.15 to find that Plaintiff was not disabled. According to 20 C.F.R. § 404.1569a(d) when a claimant has both exertional and nonexertional limitations, the rules are not to be directly applied, but are intended to be used as a framework to guide the ALJ's decision. Plaintiff argues that it was reversible error for the ALJ to mechanically apply the rule despite Plaintiff's two nonexertional impairments.

However, § 404.1569a(d) requires that the ALJ treat the rules as guides only when a claimant's impairments affect his ability to meet the strength demands and non-strength demands of his job. In Plaintiff's case, the ALJ found that Plaintiff's allegations regarding her limitations were not fully credible and that she had the residual functional capacity ("RFC") to perform the full range of sedentary work. (Tr. 29). Thus, § 404.1569a(d)'s requirement did not apply since the ALJ found that Plaintiff's impairments did not affect her ability to meet the demands of her job, and it was not reversible error for the ALJ to apply rule 201.15 as he did. Plaintiff argued that because her two nonexertional impairments were labeled severe, the ALJ was bound to conclude that they affected her ability to meet her job demands. Yet, as the Magistrate Judge pointed out, a finding that an impairment is "severe" does not necessarily mean that the impairment prevents a claimant from performing sedentary work. *See* 20 C.F.R. § 404.1521(b).

Plaintiff next objects to the Magistrate Judge's silence on the issue of whether Plaintiff's non-exertional impairment of depression was considered by the ALJ in determining her RFC. Plaintiff argues that even if her depression was not severe, it still should have been considered. *See* 20 C.F.R. § 404.1545(c). Whether or not the ALJ adequately considered Plaintiff's depression, the question on review is whether the ALJ's ultimate findings are supported by substantial evidence.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971).  After reviewing the record, the Court concludes that the ALJ's determination of Plaintiff's RFC is supported by substantial evidence even when Plaintiff's depression is considered.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ sufficiently considered all six statutory factors, as required by 20 C.F.R. § 404.1527, when determining that the opinion of Plaintiff's treating physician was not to be accorded controlling weight.  Plaintiff appears to believe that the Magistrate Judge concluded that the ALJ considered only two of the factors and that consideration of those two factors, even if only implicit, was sufficient.  Objs. at 4.  However, the Report and Recommendation clearly states:

> The ALJ clearly considered the statutory factors in reaching his conclusion, and his decision to discount Dr. Kemerer's opinion was supported by substantial evidence. The ALJ's opinion acknowledged that two of the six 1527(d) factors, specifically Dr. Kemerer's substantial treating and examining relationships with Plaintiff, supported Dr. Kemerer's opinions. However, the ALJ declined to give conclusive weight to Dr. Kemerer's opinions based on his consideration of the other statutory factors.

R. & R. at 6.  Contrary to Plaintiff's argument, the Magistrate Judge actually stated that the ALJ found two of the six factors to support the opinion of Plaintiff's treating physician, yet the remaining four factors supported not giving the opinion controlling weight.  Therefore, it was the Magistrate Judge's conclusion that the ALJ considered all six factors as required.  The record clearly bears this out.

### III.   Conclusion

Consequently, after a de novo review of this matter, the Court finds that there is substantial evidence to support the ALJ's findings that Plaintiff was not entitled to disability insurance benefits.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry 22] are **OVERRULED**, the Report and Recommendation [docket entry 21] is **ACCEPTED** and

**ADOPTED** as the opinion of this Court, Plaintiff's motion for summary judgment [docket entry 8] is **DENIED**, and the Commissioner's motion for summary judgment [docket entry 15] is **GRANTED.**

**SO ORDERED.**

Dated:  February 28, 2006   			s/Paul V. Gadola
						HONORABLE PAUL V. GADOLA
						UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   March 2, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                        Janet L. Parker; Lewis M. Seward           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                               .

					s/Ruth A. Brissaud
					Ruth A. Brissaud, Case Manager
					(810) 341-7845